```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LIONEL WASHINGTON AND                          CIVIL ACTION
MRS. LIONEL WASHINGTON

VERSUS                                         NO: 09-2513

ESSEX INSURANCE COMPANY,                       SECTION: R(1)
MARKEL INSURANCE COMPANY
```

## ORDER AND REASONS

Before the Court is Markel Insurance Company ("MIC")'s Motion to Dismiss and/or Motion for Summary Judgment. For the following reasons, MIC's motion is GRANTED.

### I. BACKGROUND

Prior to Hurricane Katrina, plaintiffs operated a business enterprise at 6532 4th Street in Violet, Louisiana. (R. Doc. 1-1 ¶ V.) According to the Supplemental and Amending Complaint in this action, plaintiffs' business was insured under a Commercial Lines Policy issued by "Essex Insurance Company, Markel Insurance Company." (R. Doc. 1-1 ¶¶ I, VI.) The business was allegedly damaged during Hurricane Katrina, and plaintiffs instituted a claim for loss. (R. Doc. 1-1 ¶ XIII.) Plaintiffs assert that MIC failed to properly adjust the claim. (R. Doc. 1-1 ¶¶ XIV-XV.) Plaintiffs brought this action for breach of contract and breach of the implied covenant of good faith and fair dealing.

* * *

MIC and Essex Insurance Company ("EIC") separately moved to

dismiss plaintiffs' claims on June 17, 2009. (R. Docs. 17, 18.) MIC moved to dismiss on grounds that it has no contractual relationship with plaintiffs and is not a proper defendant. The Court granted plaintiffs' motion to voluntarily dismiss EIC without prejudice on August 15, 2009. (R. Doc. 24.) Plaintiffs moved for leave to amend their Supplemental and Amending Complaint on September 1, 2009. (R. Doc. 30.) The proposed amended complaint would have named Markel International Insurance Co. Ltd. ("MINT") - as opposed to MIC - as the proper defendant. Plaintiffs' motion to amend was denied by Magistrate Judge Shushan on October 22, 2009. (R. Doc. 35.) The Court now considers MIC's motion to dismiss.

**II. LEGAL STANDARDS**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, —-U.S.--, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The factual allegations must "raise a reasonable expectation that discovery will reveal evidence" of liability. *Twombly*, 550 U.S. at 556. "A court must accept all well-pleaded facts as true and must draw

all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 149-50. In determining whether to grant a motion to dismiss, a district court generally may not "go outside the complaint." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A district court may, however, consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**III. DISCUSSION**

The only remaining defendant in this action is MIC. (R. Doc. 1-1 ¶¶ I, VI.) According to plaintiffs' Supplemental and Amending Complaint, "[a] valid contract exists between Lionel Washington, Mrs. Lionel Washington and defendant *in the form of Commercial Lines Policy*, which obligates the defendant to cover the loss of or damage to a business enterprise and personal property therein which is caused by wind or windstorms." (R. Doc. 1-1 ¶ I, VI (emphasis added).) Plaintiffs allege that MIC breached its contractual obligations and covenant of good faith and fair dealing under the Commercial Lines Policy. Plaintiffs do not allege a breach of a separate oral contract with MIC.

The Court considers the four corners of plaintiffs'

3

Commercial Lines Policy because it is referenced in and central to plaintiffs' complaint. *Scanlan*, 343 F.3d at 536. The policy was brokered by H&H Insurance Brokers on behalf of MINT. (R. Doc. 17-2.) "Mr. & Mrs. Lionel Washington" are identified as the "Name of Assured." (*Id.*) MINT is identified as the "Name of Insurers" and on the policy's "Property Schedule of Forms and Endorsements" and "Liability Schedule of Forms and Endorsements." (*Id.*) MIC is not identified in the policy. Plaintiffs do not contest the authenticity of the Commercial Lines Policy attached as Exhibit A to MIC's motion to dismiss.

In their opposition to MIC' motion to dismiss, plaintiffs do not stand by the allegations in their Supplemental and Amending Complaint that MIC issued their Commercial Lines Policy. Instead, plaintiffs assert that MIC "is part of the family of Markel Corporation, holding company headquartered in Virginia. Markel International Insurance Co. Inc. is also part of that family." (R. Doc. 27 at 3.) Plaintiffs appear to assert that their insurance policy with MINT should be imputed to MIC as its *alter ego*.

In Louisiana, "[c]orporations function as distinct legal entities, separate from the individuals who own them, and their shareholders are not generally liable for the debts of the corporation." *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 385 (5th Cir. 2000) (citing *Riggins v. Dixie Shoring Co.*,

4

590 So.2d 1164, 1167 (La. 1991)), *reh'g or reh'g en banc denied*, 232 F.3d 212 (5th Cir. 2000). Louisiana law recognizes exceptions to limited liability, and in certain circumstances permits piercing the corporate veil on an *alter ego* basis. *Id.* "This usually involves 'situations where fraud or deceit has been practiced by the shareholder acting through the corporation.'" *Id. Alter ego* liability need not involve fraud, however, and courts should consider the totality of the circumstances. *Id.* at 387. According to the Louisiana Supreme Court, relevant factors may include: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. *Id.* at 385.

Plaintiffs' Supplemental and Amending Complaint alleges none of these factors. Nor does it include any other allegations even remotely suggesting that MIC is an *alter ego* of MINT. In fact, it does not even mention MINT. The Court therefore finds that plaintiffs have failed to allege that their contract with MINT should be imputed to MIC.

Plaintiffs have already sought leave to amend their Supplemental and Amending Complaint to name MINT as the proper defendant in this action. (R. Doc. 30.) Leave to amend was

590 So.2d 1164, 1167 (La. 1991)), *reh'g or reh'g en banc denied*, 232 F.3d 212 (5th Cir. 2000). Louisiana law recognizes exceptions to limited liability, and in certain circumstances permits piercing the corporate veil on an *alter ego* basis. *Id.* "This usually involves 'situations where fraud or deceit has been practiced by the shareholder acting through the corporation.'" *Id. Alter ego* liability need not involve fraud, however, and courts should consider the totality of the circumstances. *Id.* at 387. According to the Louisiana Supreme Court, relevant factors may include: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. *Id.* at 385.

Plaintiffs' Supplemental and Amending Complaint alleges none of these factors. Nor does it include any other allegations even remotely suggesting that MIC is an *alter ego* of MINT. In fact, it does not even mention MINT. The Court therefore finds that plaintiffs have failed to allege that their contract with MINT should be imputed to MIC.

Plaintiffs have already sought leave to amend their Supplemental and Amending Complaint to name MINT as the proper defendant in this action. (R. Doc. 30.) Leave to amend was

denied because plaintiffs failed to respond to an order of the Court to provide supplemental evidence, and accordingly failed to demonstrate that their claims against MINT were not prescribed. (R. Doc. 35.) The Court declines to reconsider this decision.

Because plaintiffs have failed to allege a valid contract with MIC, their claims against MIC must fail. And because the Court has already denied plaintiffs' motion to amend their complaint, the court GRANTS MIC's motion to dismiss.

**IV. CONCLUSION**

For the reasons stated, MIC's motion to dismiss is GRANTED, and plaintiffs' claims against MIC are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 3rd day of November, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE